■ PAUL M. STURGES et al., Respondents, v. EDWIN TETLOW et al., Appellants.— Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered October 25, 1972 in Ulster County, upon a decision of the court at a Trial Term, without a jury. The parties to this litigation are adjoining property owners whose lands include a portion of the old D & H Canal in the Town of Rochester, Ulster County. Adjacent to the canal bed is a dirt roadway known as the Canal Towpath which is used for foot or vehicular traffic. A portion of this roadway lies within the lands of defendants, who own to the centerline as it approaches plaintiffs' adjoining property. Plaintiffs claim a right of way over the towpath to a public highway beyond defendants' property, and seek an injunction restraining defendants from

blocking the alleged right of way and damages. Plaintiffs claim three independent sources for their alleged right of way. As to the first such source, the trial court was correct in rejecting the contention that the conveyance relied upon created any right of way over defendants' property. The second source is found in plaintiffs' chain of title in a deed dated March 6, 1908 containing the following reservation: " The said party of the first part for his heirs and assigns reserves the right to himself and to those entitled thereto to the use of the towpath bounding said premises on the west for traveling the same and passage thereover and the right to repair and maintain said towpath and to keep and maintain a road and passage thereover." In interpreting the language of the above reservation, two possible alternatives are presented. First, the conveyance in question reserved to the grantor an easement personal to and for the benefit of the grantor, in which event, it being personal, was nonassignable and no rights were created that could pass through and into plaintiffs' title (*Loch Sheldrake Assoc.* v. *Evans,* 306 N. Y. 297). However, it appears from the evidence that the grantor in the deed containing this reservation was *not* in plaintiffs' chain of title, their title being derived originally from a tax sale and subsequent conveyances thereafter. Additionally, the words of reservation " those entitled thereto " does not benefit plaintiffs since it is fundamental that a grantor may not reserve rights in property conveyed for the benefit of strangers (17 N. Y. Jur., Easements and Licenses, § 41). Finally, plaintiffs' reliance upon rights reserved by a common grantor is misplaced. The evidence establishes that any such reservation was not appurtenant to the lands in question, but to other lands intended to be conveyed to others, and thus of no benefit to plaintiffs. The suggestion that a right of way by necessity was created in favor of plaintiffs is not supported by the evidence. It is clear from their own testimony that other means of ingress and egress are available, albeit inconvenient. On this issue plaintiffs did not sustain their burden of proof (*Miller* v. *Edmore Homes Corp.,* 285 App. Div. 837, affd. 309 N. Y. 839). Judgment reversed, on the law and the facts, and judgment directed to be entered in favor of defendants dismissing the complaint, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.