■ ROBERT G. GROSS et al., Appellants, v JOHN V. CIZAUSKAS et al., Respondents. (Action No. 1.) JOHN V. CIZAUSKAS et al., Respondents, v FRANCIS E. CROWLEY et al., Defendants, and ROBERT G. GROSS et al., Appellants. (Action No. 2.)—Appeals from a judgment of the Supreme Court, entered September 25, 1974 in Broome County, upon a decision of the court at a Trial Term, without a jury, which declared that respondents are owners in fee of a certain strip of land and enjoined appellants from any further trespass across the parcel. At stake on these appeals are the alleged rights of several property owners to an easement over a 10-foot-wide strip of land which provides access from County Road to the shore line of Oquaga Lake in Broome County. While respondents seek a declaration that they are the sole owners in fee of the strip and that no other party has any easement or right of way across it, appellants claim the right to use the strip for access to the lake from their lands on the west side of County Road away from the lake. Following the submission of documentary evidence to Trial Term, that court ruled in favor of respondents and these appeals ensued. We find that the judgment of Trial Term must be affirmed. By deed dated June 1, 1955 from Stanley and Doris Scutt, Russell and Rose Terry became owners in fee of all the realty in question here, including Lot 15 on the east side of County Road along whose northern border runs the alleged 10-foot-wide easement and property west of County Road encompassing all the parcels belonging to appellants. Although evidence of numerous subsequent transactions relating to these lands was likewise submitted to the trial court, the construction of a deed dated May 22, 1957 between the Terrys and Kenneth and Grace Vaughan is, in actuality, dispositive of these appeals. For appellants to prevail, that deed must be construed as conveying to the Vaughans the contested 10-foot-wide strip and thus nullifying a later conveyance on August 5, 1958 of the strip in fee by the Terrys to James and Helen De

Vita, respondents' predecessors in title. In agreement with Trial Term, however, we cannot accept this reading of the instrument since, clearly and without any ambiguity, it transfers to the Vaughans all the property west of County Road except for three lots and Lot 15 east of County Road "excepting and reserving" the 10-foot-wide strip along the northern border of said Lot 15. Acknowledging that this interpretation may well work a hardship on appellants by negating their claimed easements and thereby reducing the utility and value of their parcels, nevertheless, we cannot ignore the well-settled law, as noted by the trial court, to the effect that the meaning of clear and unambiguous terms in an instrument cannot be changed by unexpressed intentions of the parties *(City of Geneva v Henson,* 195 NY 447), and that resort to surrounding circumstances in determining the intent of the parties is permissible only where the language of the instrument is doubtful or susceptible of varying interpretations *(Loch Sheldrake Assoc. v Evans,* 306 NY 297). In reaching this result, we are not unmindful of the further provision in the transfer of the strip to the De Vitas on August 5, 1958 that reserved in the Terrys the right to use "in common with others" the easement for access to and from the lake. This easement, however, retained by the Terrys must be in gross and, therefore, is neither assignable nor inheritable, since at the time of the transfer the Terrys were no longer possessed of any dominant estate to which an easement appurtenant could attach. Additionally, the phrase "in common with others" does not strengthen appellants' argument because, as future owners of nearby property but strangers to this agreement, they may not have easements reserved in their favor *(Sturges v Tetlow,* 43 AD2d 758, affd 35 NY2d 859). Furthermore, the term "others" clearly applied to Charles and Jennie Santacrose, who had purchased two lots west of County Road together with personal easements over the strip from the Terrys on July 28, 1958, and to the Scutts, who had reserved personal easements when they originally sold the realty on June 1, 1955. Turning finally to the situation of appellants Donald and Catherine O'Connor, their claim to an easement is somewhat different from their coappellants' since they are successors in title to the Santacroses and not the Vaughans. Nonetheless, this claim must also fail because, by the express terms of their deed from the Terrys on July 28, 1958, the Santacroses were granted an easement over the strip "for their personal individual use only", which was "not to run with the land". Such being the case, the tax deed dated May 17, 1972 by which the O'Connors succeeded to the rights of the Santacroses could not convey to them an easement over the strip. Judgment affirmed, with costs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.