■ STATE OF NEW YORK, Plaintiff, v JOHN HAWES, JR., et al., as Cotrustees of a Trust Made by JANE M. CONANT, Defendants.—Mikoll, J. Submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222.

The controversy submitted for decision is whether on the stipulated facts, pursuant to EPTL 7-3.1 and Mental Hygiene Law article 43, plaintiff is entitled to a judgment declaring the inter vivos trust at issue as being void against plaintiff, a money judgment against defendants, as the cotrustees of the trust, to the extent of the value of the trust less a $1,500 burial allowance, and whether defendants must liquidate the entire trust and pay the proceeds, less $1,500 to plaintiff.

The stipulated facts are as follows. On June 24, 1966, Jane M. Conant, the settlor, while a patient at a private mental institution, created the inter vivos trust (in which she retained the right to revoke the instrument at any time) which provided, in relevant part, that the trustees were to pay to or apply to the use of Conant "so much of the net income thereof, in quarterly or more frequent installments, and so much of the principal thereof, as they may deem necessary or advisable for the support and maintenance of [Conant], and accumulate and reinvest any income not so paid or applied". On January 20, 1967, Conant was admitted to Kings Park Psychiatric Center, a part of the State Office of Mental Health, where she has resided continuously through and including the date of submission of the controversy.

Conant is liable under the authority of Mental Hygiene Law § 43.03 (a) for services furnished to her. For the period of

January 1, 1985 through September 29, 1988 there is an outstanding full cost balance of $150,566.45 owed which plaintiff is now seeking to recover. Mental Hygiene Law § 43.03 (a) provides that a patient and any fiduciary holding assets for that patient are jointly and severally liable for the fees owed by the patient. Here, for 20 years, only the trust income was paid to the State Office of Mental Health in partial satisfaction of the cost of care.

Plaintiff, during the 20-year period, never filed any claim against defendants as the cotrustees or against the assets of the trust for payment of the unreimbursed cost of the care of Conant and never sought to have the trust declared null and void under EPTL 7-3.1 until November 25, 1988, when it submitted an amended verified claim to defendants for balances due from January 1, 1985 through September 29, 1988. Defendants rejected the claim and refused to invade the principal of the trust. It is conceded by both parties that Conant, though never judicially declared incompetent, does not have the requisite mental capacity to make a knowing decision in regard to the trust.

EPTL 7-3.1 (a) decrees that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator". The statutory language is abundantly clear and unequivocal that self-settled trusts are void as against creditors *(Vanderbilt Credit Corp. v Chase Manhattan Bank,* 100 AD2d 544, 546; *see, Planned Consumer Mktg. v Coats & Clark,* 127 AD2d 355, 372, *affd* 71 NY2d 442; *Matter of Coyle,* 280 App Div 857, *affd* 305 NY 809). We hold that defendants here, as cotrustees of a discretionary, self-settled trust, can be compelled to invade the corpus of such a trust in order to satisfy the debt of Conant, as the settlor of the trust.

In *Vanderbilt Credit Corp. v Chase Manhattan Bank (supra,* at 546) the court stated that: "when a person creates for his own benefit a discretionary trust, his creditors can reach the maximum amount which the trustee under the terms of the trust *could* pay to him or apply for his benefit, even though the trustee in the exercise of his discretion wishes to pay nothing to the beneficiary or to his creditors, and even though the beneficiary could not compel the trustee to pay him anything" (emphasis in original; citations omitted). The cases cited in opposition to this proposition by defendants relate to third-party trusts. Their rationale is inapplicable to a self-settled trust as we have here *(see, Matter of Tutino v Perales,* 153 AD2d 181, 187-188).

As noted, the trust at issue here provides that "[t]he trust-

ees shall * * * pay to or apply to the use of [Conant] so much of the net income therefrom, in quarterly or more frequent installments, and so much of the principal thereof, as they may deem necessary and advisable for the support and maintenance of [Conant]". The trust agreement granted defendants the power to invade the corpus and make payments to Conant from the principal. Conant also has reserved power to revoke the trust. This trust then is totally owned by her. The nature of the trust being undisputed, the debt amount being conceded, defendants can opt to expend the entire trust for Conant's benefit and plaintiff, as creditor, may reach the corpus in order to satisfy its claim.

Moreover, Mental Hygiene Law § 43.03 (a) provides, in pertinent part, that "any fiduciary or representative payee holding assets for [the patient] or on [the patient's] behalf [is] jointly and severally liable for the fees for services rendered to the patient". Defendants, being responsible under the statute for Conant's debt for services and being empowered by the terms of the trust to invade the principal when necessary, are obligated to satisfy the debt lawfully owed to plaintiff. In view of our holding, the parties' concession of Conant's incompetency is of no consequence.

Defendants' contention of laches is also without merit. Plaintiff was entitled to seek reimbursement for goods and services rendered to Conant within the applicable Statute of Limitations. The action was timely commenced and thus the laches defense fails (see, Tursi v St. Joseph's Sanatorium, 133 AD2d 910, 912).

To conclude, judgment should be directed declaring void the inter vivos trust against plaintiff, a money judgment should be entered against defendants to the extent of the value of the trust, less a $1,500 burial allowance, and payment of the money judgment to plaintiff should be directed. The judgment should be entered as a judgment of the Supreme Court, Albany County (see, Kinney v Kinney, 48 AD2d 1002, 1003; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3222:10, at 1086-1087).

Judgment rendered in favor of plaintiff, with costs, in accordance with this court's decision. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.