STATE OF NEW YORK, Appellant-Respondent, v JOSEPH COYLE et al., Respondents-Appellants.

Third Department, November 7, 1991

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Clifford A. Royael* and *Nancy A. Spiegel* of counsel), for appellant-respondent.

*Friedman & Manning, P. C. (Jeremiah F. Manning* of counsel), for respondents-appellants.

**OPINION OF THE COURT**

CASEY, J.

■ At issue on this appeal is whether the corpus of a trust created by defendant Joseph Coyle (hereinafter defendant) in 1986 is available to pay plaintiff for services rendered during the period from December 18, 1984 through May 31, 1989 when defendant received treatment at two of plaintiff's mental health facilities. EPTL 7-3.1 (a) provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator". As the result of the services rendered by plaintiff before and after the trust was created by defendant, plaintiff is an existing or subsequent creditor of the creator *(see,* Mental Hygiene Law § 43.03 [a]). The issue, therefore, distills to whether the trust was for the use of the creator within the meaning of EPTL 7-3.1 (a). Supreme Court concluded that the issue was a factual one and denied plaintiff's motion for summary judgment. We disagree and conclude that a question of law has been raised, the

resolution of which is appropriate on plaintiff's motion for summary judgment.

The trust agreement provides that, during defendant's lifetime, the trustees "in their sole discretion shall distribute the net income from the trust * * * to or for [defendant], and shall accumulate any income not so distributed". The trust agreement also provides that there shall be no invasion of principal during defendant's lifetime "except for luxuries not provided by public welfare funds or medical insurance". Upon defendant's death, the trust agreement provides for the payment of income and ultimately the distribution of principal to defendant's surviving nieces and nephews.

In *State of New York v Hawes* (169 AD2d 919), this court held that an inter vivos trust which gave the trustees the discretionary power to pay income and principal for the support and maintenance of the creator was void under EPTL 7-3.1 (a) as against the State, which had rendered services to the creator while she was a patient at one of the State's mental health facilities. We reach the same conclusion in this case since the trust agreement gives the trustees the discretionary authority to pay income and invade principal for the benefit of the creator of the trust. EPTL 7-3.1 (a) renders self-settled trusts void as against creditors *(see, State of New York v Hawes, supra)*.

Defendant seeks to distinguish the *Hawes* case on the ground that the trust therein was revocable, whereas the trust herein is irrevocable. EPTL 7-3.1 (a) is applicable to self-settled trusts regardless of whether they are revocable or irrevocable *(see, Vanderbilt Credit Corp. v Chase Manhattan Bank,* 100 AD2d 544). "[W]hen a person creates for his own benefit a discretionary trust, his creditors can reach the maximum amount which the trustee under the terms of the trust *could* pay to him or apply for his benefit, even though the trustee in the exercise of his discretion wishes to pay nothing to the beneficiary or to his creditors, and even though the beneficiary could not compel the trustee to pay him anything" *(supra,* at 546 [emphasis in original]). Defendant's brief on appeal concedes that the trust agreement gives the trustees the authority to invade the principal of the trust "for expenses, deemed luxuries, not provided by public welfare funds or medical insurance". We conclude, therefore, that under EPTL 7-3.1 (a) the entire amount of the trust corpus is available to satisfy defendant's obligation to plaintiff for services rendered to him by plaintiff's mental health facilities.

■ In support of its motion for summary judgment, plaintiff submitted affidavits and documents which detail the dates when defendant received services at its mental health facilities and the fees for those services. Defendant concedes that he has been a resident of the facilities, but contends that the amount due and owing for such residency is a question of fact. Once plaintiff satisfied its burden of establishing the amount due and owing by submission of proof in admissible form, the burden shifted to defendant to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact or to demonstrate an acceptable excuse for the failure to meet this burden *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Because defendant neither met the burden imposed upon him as the opponent of plaintiff's motion for summary judgment nor offered an excuse for his failure to do so, plaintiff is entitled to summary judgment for the amount established by its documentary evidence.

Defendant's brief concludes by noting that defendant still claims defenses of constitutionality and laches, but we find no merit in these claims.

MAHONEY, P. J., WEISS and CREW III, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.