Matter of Anthone v Carlo

2026 NY Slip Op 02559

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF KAREN ANTHONE, FORMERLY KNOWN AS KAREN CARLO, PETITIONER-APPELLANT,

v

GEORGE CARLO, GERALD T. CARLO, AND LAURIE LYNN CARLO, TRUSTEE OF THE CARLO FAMILY TRUST, RESPONDENTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

246 CA 25-01177

Present: Whalen, P.J., Smith, Nowak, And Delconte, JJ.

ROACH, LENNON & BROWN, PLLC, BUFFALO (DAVID L. ROACH OF COUNSEL), FOR PETITIONER-APPELLANT.

WOODS OVIATT GILMAN LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered January 31, 2025. The order denied petitioner's motion for summary judgment.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this special proceeding pursuant to CPLR 5236 seeking, inter alia, an order directing the sale of real property owned by respondent George Carlo (respondent) and the Carlo Family Trust (Trust), of which respondent is the grantor and lifetime beneficiary, in order to satisfy a judgment lien against respondent. Supreme Court denied petitioner's motion for summary judgment. We affirm.

Initially, we agree with petitioner that the court erred in concluding that she had the burden to establish a fraudulent conveyance in order to seek enforcement of her judgment lien against any of the assets held by the Trust. "A disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator" (EPTL 7-3.1 [a]). "The statutory language is abundantly clear and unequivocal that self-settled trusts are void as against creditors" (State of New York v Hawes, 169 AD2d 919, 920 [3d Dept 1991]). Thus, the "settlor's creditors need not allege or prove [that a self-settled] trust is a fraudulent conveyance before they are permitted to reach the full amount of the beneficial interest retained by the settlor" (Vanderbilt Credit Corp. v Chase Manhattan Bank, 100 AD2d 544, 546 [2d Dept 1984]; see State of New York v Coyle,

171 AD2d 288, 290 [3d Dept 1991], appeal dismissed 79 NY2d 805 [1991]).

Here, the Trust was funded with assets transferred either by respondent or a "person or entity who is acting under the authority granted to that person or entity by [respondent]"; the purpose of the Trust is to, inter alia, "receive and manage assets for the benefit of [respondent]"; during respondent's lifetime, the Trustee "shall pay all of the income of th[e] Trust, and also such sums from principal as [respondent] may request . . . to or for the benefit of [respondent], or as [respondent] may designate"; and respondent may revoke the Trust at any time. We conclude that the "trust then is totally owned by [respondent]" (Hawes, 169 AD2d at 921) and, therefore, "is available to satisfy [respondent's] obligation to [petitioner]" (Coyle, 171 AD2d at 290).

We further conclude, contrary to petitioner's contention, that although petitioner met her initial burden on the motion, respondent's affidavit in opposition raises a triable issue of fact whether the homestead exemption is applicable to the sale of the subject real property (see [*2]generally CPLR 5206 [a]; Matter of Halpern v White, — AD3d —, —, 2026 NY Slip Op 01360, *2 [2d Dept 2026]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court