In the Matter of RosEVELE FROOKS, INC., Judgment Creditor-Appellant, *v.* ALBERT J. SOMMERS, Judgment Debtor.

PETER J. HABERKORN, as Trustee in Bankruptcy of ALBERT J. SOMMERS, a Bankrupt, Respondent; CENTRAL SAVINGS BANK OF THE CITY OF NEW YORK, Third Party Respondent.

Supreme Court, Appellate Term, First Department, February 5, 1948.

*Milton Kepecs* and *Irving Davis* for judgment creditor-appellant.

*Terence J. Mullen* for third party respondent.

*Peter J. Haberkorn,* respondent in person.

EDER, J.  The judgment creditor appeals from an order which granted the motion of the trustee in bankruptcy to vacate a third party order served on the respondent bank in supplementary proceedings.

It appears that the appellant recovered a judgment against the debtor on February 11, 1942; that on May 16, 1939, the debtor opened a savings account with the bank, and that certain moneys stand there to the credit of the account.  On July 13, 1940, the debtor filed a petition in bankruptcy and was adjudicated a bankrupt and on July 25, 1940, the respondent Haberkorn was elected trustee in said bankruptcy and qualified on August 2, 1940, and has ever since acted in that capacity.

On November 4, 1940, said trustee instituted proceedings in behalf of the estate to require the bank to turn over said moneys to him.  The return day thereof was November 13, 1940, and was adjourned from time to time and finally was adjourned without date.  It appears to have lain dormant until its apparent resurrection on June 4, 1946.  Ultimately a turnover order was made by the referee in bankruptcy which was served on the bank on November 21, 1946.

Prior thereto and on June 12, 1946, the appellant procured from the court below a third party order directed to the bank, which was served upon it on June 20, 1946.  On December 4, 1946, the trustee moved to vacate said order upon the ground that said moneys on deposit with the bank were and are since July 13, 1940 (the date of adjudication), the property of the bankrupt's estate.

The appellant advanced, as a basic ground of opposition, that the trustee was barred under Federal and State Statutes of Limitation from taking any proceedings to recover said moneys, since he took no steps to recover the same within the prescribed statutory period, after discovery of the existence of the bank account, the date of discovery being August 2, 1940.

The learned court below held that the appellant was without standing to interpose this ground of opposition; that the defense of the Statute of Limitations is personal, and as such was available only to the bank, against whom the claim was made by the trustee, and it had not asserted such defense as a bar.

Under subdivision (e) of section 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 29, subd. [e]) it is provided, so far as here material, that a trustee may, within two years subsequent

to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. This enactment has been construed to limit the time to a period of two years (*Herget* v. *Central Nat. Bank & Trust Co.*, 324 U. S. 4).

Although it is generally true that the Statute of Limitations is a plea personal to the debtor, which he may invoke or waive, as he chooses, there are various recognized exceptions (*Sharpe* v. *Freeman*, 45 N. Y. 802, 806; *Perry* v. *Fries*, 90 App. Div. 484; *Treat* v. *Fortune*, 2 Bradf. 116; *Hopkins* v. *Clyde*, 71 Ohio St. 141; *Buss* v. *Kemp Lumber Co.*, 23 N. M. 567). As respects a judgment creditor having a lien upon the property of the debtor, it is held he may plead the Statute of Limitations as a bar to an asserted claim against the property affected by the lien (*Buss* v. *Kemp Lumber Co.*, *supra*; *De Voe* v. *Rundle*, 33 Wash. 604; *Bradenstein* v. *Johnson*, 140 Cal. 29). Under our law as to personal property, a lien thereon comes into being from the time of the delivery of the execution to the proper officer, to be executed (Civ. Prac. Act, § 679; *Meyerhardt* v. *Heinzelman*, 71 N. Y. S. 2d 692; *Matter of Flushing-Queensboro Laundry, Inc.*, 90 F. 2d 601). As a consequence, therefore, the appellant herein, as a judgment creditor possessing the lien of a judgment, had a standing to assert the Statute of Limitations as a ground of opposition to the motion of the trustee.

Though considered as possessing that right, I do not see that it can be of any avail here to the appellant for the reason that it appears that the trustee instituted the turnover proceeding within the two-year period prescribed by subdivision (e) of section 11 of the Bankruptcy Act, viz., on November 4, 1940. The mere fact that it was permitted to remain dormant for a long period of time does not detract from the fact that it was instituted within the time prescribed by law.

In the present situation the money is, in effect, *in custodia legis* of the bankruptcy court under whose order the bank was directed to turn over the fund to the trustee in bankruptcy, and any action in respect of the fund should be taken in that court.

The order appealed from is affirmed, with $10 costs, without prejudice to appellant taking such proceedings in said court as it may be advised.

HAMMER and HECHT, JJ., concur.

Order affirmed, etc.