■ In the Matter of RICHARD B. REDA, Appellant, v HENRY VOGES, Respondent. [596 NYS2d 147] —In a proceeding pursuant to CPLR 5206 to compel the sale of real property constituting a homestead exceeding $10,000 in value in order to satisfy a money judgment lien, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated December 10, 1990, which, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The petitioner, a judgment creditor of the respondent, commenced this proceeding pursuant to CPLR 5206 (e) to compel the sale of the respondent's residence in order to satisfy his lien. The respondent opposed the petition, contending that the property was exempt from sale under CPLR 5206 (a) because the total amount of prior liens and encumbrances on the premises, including two mortgages executed in 1980 and 1982, respectively, exceeded the value of his residence. The petitioner responded by contending that the available documentary evidence failed to establish the precise amounts of the outstanding mortgage debt and that a judgment for part or all of the mortgage debt might be time-barred under the applicable Statute of Limitations *(see,* CPLR 213 [4]). Hence, the

petitioner sought a hearing to explore these issues. The Supreme Court summarily rejected the petitioner's application to sell the property and, in effect, dismissed the proceeding. We reverse and remit the matter for an evidentiary hearing to ascertain the actual amount of liens and encumbrances on the subject premises so that the Supreme Court may determine whether a sale of the respondent's residence is precluded under CPLR 5206 (a).

We agree with the petitioner that the record in this case fails to demonstrate the precise amount of the outstanding mortgage debt on the subject premises. Indeed, the record does not include the notes underlying these mortgages (which apparently are in the respondent's exclusive possession) and the repayment terms of these loans are not readily discernible from the available documentary evidence; thus, summary disposition of the proceeding at this juncture is inappropriate *(see generally,* CPLR 410, 3212 [f]; *Yu v Forero,* 184 AD2d 506). Moreover, the petitioner has validly raised a genuine issue with respect to the continued viability of part or all of the mortgage debt in view of the applicable six-year Statute of Limitations *(see,* CPLR 213 [4]; *see generally, Khoury v Alger,* 174 AD2d 918; *Matter of Rosevele Frocks v Sommers,* 191 Misc 614). Accordingly, the matter must be remitted for a hearing to ascertain the actual amount of outstanding liens and encumbrances on the property and for a new determination regarding the petitioner's application to compel the sale of the property. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.