SCARISON, INC., Respondent, v ATTAULLAH A. PARACHA et al., Appellants. [777 NYS2d 131]—

In an action for partition, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered July 14, 2003, as denied their cross motion for summary judgment dismissing the complaint and for the imposition of a sanction.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the complaint and

substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants, and the complaint is dismissed.

The plaintiff purchased the interest of the defendant Attaullah A. Paracha in a parcel of "real property" (hereinafter the property) at a judicial sale. Thereafter, the plaintiff commenced this action to partition the property. Upon the plaintiff's motion, inter alia, for summary judgment, the defendants cross-moved for summary judgment dismissing the complaint and for the imposition of a sanction. The Supreme Court, among other things, denied the defendants' cross motion.

With regard to that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, the defendants argue that they were married at the time that they took title to the property. Thus, they claim that they own the property as tenants by the entirety and the plaintiff may not maintain this action for partition (see RPAPL 901). The defendant Attaullah A. Paracha's affidavit stated that he is married to the defendant Nighat Paracha, and that they reside in the subject property as their primary residence. A copy of the contract of sale of the property, dated April 1, 1985, describes the purchasers of the property as "Attaullah Parcha and Nighat Parcha, his wife." The deed, dated June 7, 1985, grants the property to "Attaullah A. Paracha, Nighat Paracha, his wife." Further, a letter from the Consulate General of Pakistan certifies that according to certain documents, the defendants were married in Pakistan on May 17, 1974. The defendant Nighat Paracha also submitted an affidavit wherein she stated that she was married to Attaullah Paracha on May 17, 1974, and remains married to him. According to their deposition testimony, the defendants have three children.

A matrimonial relationship between parties at the time of acquisition of a premises creates a "tenancy by the entirety," which is a special type of ownership that is not severable by partition as long as the marriage exists (see Ripp v Ripp, 38 AD2d 65, 67 [1971] affd 32 NY2d 755 [1973]). Further, "[w]here persons live and cohabit as husband and wife, and are reputed to be such, a presumption arises that they have been legally married, and this presumption . . . can be rebutted only by the most cogent and satisfactory evidence" (Matter of Lowney, 152 AD2d 574, 575 [1989]).

Contrary to the Supreme Court's determination, the defendants established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320

[1986]). The affidavits of the defendants, their deposition testimony, and the documentary evidence show that they were married at the time that they took title to the property. In opposition, the plaintiff failed to raise a triable issue of fact as to the defendants' marital status. It submitted no evidence whatsoever that would indicate that the defendants were not married. Thus, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

However, the Supreme Court providently exercised its discretion in denying that branch of the defendants' cross motion which was for the imposition of a sanction (*see* 22 NYCRR 130-1.1 [c] [1], [2]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.