■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v FRANCISCO FELICIANO et al., Defendants, and SHEILA ELLERBE, Appellant. [963 NYS2d 362]—

In a mortgage foreclosure action, the defendant Sheila Ellerbe appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), entered November 18, 2011, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her, and granted the plaintiff's cross motion for summary judgment dismissing certain of her defenses.

Ordered that on the Court's own motion, the notice of appeal dated December 9, 2001, is deemed to be a notice of appeal by the defendant Sheila Ellerbe (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

By deed dated June 24, 1999, the defendant John Ellerbe, who is not a party to this appeal, and the defendant Sheila

Ellerbe (hereinafter the appellant), as husband and wife, took possession of certain real property (hereinafter the subject property) as tenants by the entirety. By deed dated October 27, 2004, John Ellerbe unilaterally transferred "1/2 interest in [the subject] property" to Jalioop Corp. (hereinafter Jalioop). By deed dated July 11, 2006, the appellant and Jalioop together transferred the subject property to the defendant Francisco Feliciano, who is not a party to this appeal. On the same date, Feliciano mortgaged the subject property to Argent Mortgage Co. for the sum of $365,750, and executed an additional deed transferring a 99% interest in the property to "Sheila Ellerbe and John Ellerbe as husband and wife," while retaining a 1% interest in the property for himself. Upon Feliciano's alleged default, the plaintiff, as assignee of the mortgage, commenced this action to foreclose the mortgage. The appellant moved for summary judgment dismissing the complaint insofar as asserted against her, contending that the tenancy by the entirety that was created in 1999 was never terminated. The Supreme Court denied her motion, and granted the plaintiff's cross motion for summary judgment dismissing certain of her defenses, all of which were dependent upon this contention by the appellant.

Contrary to the appellant's contention, where a tenancy by the entirety is created, "there is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy . . . subject to the continuing rights of the other" (*V.R.W., Inc. v Klein*, 68 NY2d 560, 565 [1986]; *see 1.2.3. Holding Corp. v Exeter Holding, Ltd.*, 72 AD3d 1040, 1042 [2010]). "[T]he interest acquired by a grantee or mortgagee of such a unilateral conveyance is not denominated a tenancy by the entirety, but rather is labeled a tenancy in common"; however, "the grantee's or mortgagee's rights in the property are essentially the same as those possessed by the grantor or mortgagor: a right to shared possession and ownership subject to the original cotenants' reciprocal rights of survivorship" (*V.R.W., Inc. v Klein*, 68 NY2d at 565).

However, where, as here, the interests separately conveyed away by both spouses are unified in a single grantee, the tenancy by the entirety is extinguished by merger, since the sequence in which the grantors die will no longer affect the disposition of title (*see Matter of Birnbaum*, 10 Misc 2d 82 [1957]). "Separate conveyances by each tenant to the same grantee . . . terminate the tenancy by the entirety vesting the entire estate in that grantee" (3-27 Warren's Weed New York Real Property § 27.64 [1]). When Jalioop and the appellant conveyed their interests in

the subject property to Feliciano, the separate interests therein which had been subject to the respective rights of survivorship of the original tenants by the entirety were merged, thereby extinguishing the tenancy by the entirety and giving Feliciano a fully vested fee title in the subject property. Consequently, Feliciano's conveyance of a 99% interest in the property to the appellant and John Ellerbe, as tenants by the entirety, was subject to the plaintiff's mortgage.

Thus, the appellant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her. Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law striking certain of the appellant's defenses, all of which were dependent upon the appellant's contention that the tenancy by the entirety that was created in 1999 was never terminated, and the appellant failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her and granted the plaintiff's cross motion for summary judgment striking certain of the appellant's defenses. Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.