■ M.H. MANDELBAUM ORTHOTIC & PROSTHETIC SERVICES, INC., et al., Respondents, v CARL WERNER, Defendant, and MARC WERNER, Appellant. [2 NYS3d 909]—

In an action, inter alia, for a judgment declaring the plaintiffs' rights under a shareholders' agreement, the defendant Marc Werner appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 30, 2012, as denied his motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that order is affirmed insofar as appealed from, with costs.

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, the documentary evidence the appellant submitted in support of his motion did not utterly refute the plaintiff's factual allegations or conclusively establish a defense to the complaint insofar as asserted against him. Accordingly, the Supreme Court properly denied that branch of his motion which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1) (*see North Shore Towers Apts. Inc. v Three Towers Assoc.*, 104 AD3d 825, 827 [2013]; *AGCS Mar. Ins. Co. v Scottsdale Ins. Co.*, 102 AD3d 899, 900 [2013]; *Halloran v Halloran*, 161 AD2d 562, 565 [1990]).

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88). The sole consideration in determining a pre-answer motion to dismiss a declaratory judgment action is "whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Minovici v Belkin BV*, 109 AD3d 520, 524 [2013] [internal quotation marks omitted]; *see Rockland Light & Power Co. v City of New York*, 289 NY 45, 51 [1942]; *North Shore Towers Apts. Inc. v Three Towers Assoc.*, 104 AD3d at 827; *DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2013]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011]). Here, the allega-

tions of the complaint were sufficient to invoke the court's power to render a declaration resolving a justiciable controversy between the appellant and the plaintiffs (*see* CPLR 3001, 3017 [b]). As such, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him (*see North Shore Towers Apts. Inc. v Three Towers Assoc.*, 104 AD3d at 827; *DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d at 729-730; *Palm v Tuckahoe Union Free School Dist.*, 95 AD3d 1087, 1090 [2012]).

The appellant's arguments concerning the court's finding following a framed-issue hearing are not properly before us on this appeal (*see Matter of Country-Wide Ins. Co. v Bloomfield-Palmer*, 117 AD3d 946 [2014]; *420 E. Assoc. v Estate of Lennon*, 225 AD2d 326 [1996]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.