OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and defendant Eric G. Ramsay, Jr. Associates, LLC’s motion to dismiss so much of the complaint as was asserted against it is granted.
In this action, insofar as is relevant to this appeal, plaintiffs alleged causes of action for active concealment, fraudulent misrepresentation, and negligent misrepresentation against Eric G. Ramsay, Jr. Associates, LLC (defendant). Plaintiffs asserted that they had suffered damages as a result of alleged misrepresentations by defendant, the listing agent for a house which plaintiffs subsequently purchased. Specifically, plaintiffs alleged that, prior to purchasing the house, they had, on two occasions, inquired of defendant as to whether the house was connected to the public sewer system. On each occasion, defendant had assured plaintiffs that the house was connected to the public sewer system. Plaintiffs acknowledged that they had made no investigation to verify that fact. Sometime after purchasing the house, plaintiffs discovered that, in fact, the *3 house was connected not to the public sewer system but to four cesspools. Defendant moved to dismiss the complaint, insofar as was asserted against it, on the ground, among others, that plaintiffs had failed to state a cause of action (CPLR 3211 [a] [7]). In an order dated April 4, 2014, insofar as appealed from, the District Court treated defendant’s motion as one for summary judgment and denied the motion. This appeal by defendant ensued.
The District Court failed to give “adequate notice to the parties” of its intention to treat defendant’s motion to dismiss as a motion for summary judgment (CPLR 3211 [c]), and none of the exceptions to the requirement that explicit notice be given apply in this case (see generally Mihlovan v Grozavu, 72 NY2d 506 [1988]). Therefore, the District Court improperly treated the motion as one for summary judgment.
“In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858 [2015] [internal quotation marks omitted]). “[I]t is clear from the face of the complaint” and plaintiffs’ papers submitted in opposition to defendant’s motion that “plaintiffs’ supposed reliance upon [defendant’s] alleged misrepresentations . . . was unreasonable as a matter of law” (Colasacco v Robert E. Lawrence Real Estate, 68 AD3d 706, 708 [2009]). Whether the house was connected to the public sewer system was not “within the exclusive knowledge of” defendant, as “plaintiffs could easily have ascertained these facts through the use of ordinary means” (id.). Indeed, the existence of a sewer connection is a fact readily available from the governmental entity involved. Plaintiffs acknowledged that they did not investigate the truth of defendant’s statement.
Accordingly, the order, insofar as appealed from, is reversed, and defendant’s motion to dismiss so much of the complaint as was asserted against it is granted.
Marano, P.J., Iannacci and Connolly, JJ., concur.