SHERLLY LACROIX, Respondent, v ANDRE LIMOGENE, Appellant, et al., Defendants. [18 NYS3d 662]—

In an action, inter alia, for a judgment declaring that the plaintiff is a 50% owner of certain property, the defendant Andre Limogene appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated March 7, 2014, which denied his motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, vacate the notice of pendency, and, in effect, for a judgment declaring that the plaintiff is not a 50% owner of the subject property.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Andre Limogene pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, vacate the notice of pendency, and, in effect, for a judgment declaring that the plaintiff is not a 50% owner of the subject property motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not a 50% owner of the subject property.

In 1988, the subject property was transferred by deed from a third party to the appellant, Andre Limogene, and Jeanne Limogene, "husband and wife." Jeanne Limogene died on January 29, 2013. Her will, dated January 23, 2012, provided, in pertinent part, that "[i]n the event that [the subject property] is held as tenants in common, I give, bequeath, and devise all my interest in the real property . . . to my daughter Sherlly Lacroix."

On or about September 24, 2013, the appellant entered into a contract of sale to sell the subject property. Thereafter, the plaintiff, Sherlly Lacroix, commenced this action seeking, inter alia, a declaration that she is a 50% owner of the subject property. The appellant moved to dismiss the complaint insofar as asserted against him, vacate the notice of pendency, and, in effect, for a judgment declaring that the plaintiff is not a 50% owner of the subject property. The Supreme Court denied the motion.

The conveyance of the subject property to the appellant and Jeanne Limogene, "husband and wife," created a tenancy by the entirety (see Scarison, Inc. v Paracha, 7 AD3d 605 [2004]).

"Where property is held in a tenancy by the entirety—in which a husband and wife own real property as if they were one person—and one spouse dies, the surviving spouse takes the entire estate, not because of any right of survivorship, but because that spouse remains seized of the whole" (*Matter of Violi*, 65 NY2d 392, 395 [1985] [citation omitted]). "A tenancy by the entirety may, while both spouses are alive, be converted into a tenancy in common by certain definitive acts: a conveyance of the property in which both spouses join; a judicial decree of separation, annulment or divorce; or execution of a written instrument that satisfies the requirements of section 3-309 of the General Obligations Law, which permits division or partition of real property held in a tenancy by the entirety if clearly expressed in such an instrument" (*id.* at 395).

None of those definitive acts is alleged to have occurred in this case. Rather, the plaintiff asserted that prior to her mother's death, her mother and the appellant "separated" and lived "separate lives," with the appellant only returning to the subject property "to sleep." Since there was no allegation of a judicial decree of separation (*see Kahn v Kahn*, 43 NY2d 203, 210 [1977]), nor any agreement evincing an intent to alter the form of ownership (*see Matter of Violi*, 65 NY2d at 395-396), the tenancy by the entirety was not terminated. Upon the death of Jeanne Limogene, the appellant became sole owner of the property.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not a 50% owner of the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.