■ STEWART TITLE INSURANCE COMPANY, Suing in Its Own Right and as Subrogee and Assignee of Herold Duroseau and Others, Appellant, v WINGATE, KEARNEY & CULLEN, Also Known as WINGATE, KEARNEY & CULLEN, ESQS., et al., Respondents. [21 NYS3d 327]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 6, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

The plaintiff commenced this legal malpractice action in connection with the defendants' representation of the plaintiff, Stewart Title Insurance Company, and its insureds in a mortgage foreclosure action. The plaintiff alleges that the defendants negligently failed to interpose or raise as a defense that the foreclosure action was time-barred pursuant to the applicable six-year statute of limitations (*see* CPLR 213 [4]). In lieu of an answer, the defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court granted the motion. We reverse.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[, the] motion for dismissal will fail" (*Zellner v Odyl, LLC*, 117 AD3d 1040, 1040 [2014] [internal quotation marks omitted]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). In considering such a motion, "the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (*Hense v Baxter*, 79 AD3d 814, 815 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty

proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007]).

Here, construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, as we are required to do, the plaintiff stated a cause of action to recover damages for legal malpractice. Contrary to the defendants' contention, the plaintiff's insureds were permitted to raise the statute of limitations defense, as they were either in privity with the original debtor (*see 328 Owners Corp. v 330 W. 86 Oaks Corp.*, 8 NY3d 372, 384 [2007]; *Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997]; *Parolisi v Slavin*, 98 AD3d 488, 490 [2012]), or were judgment creditors with a lien secured against the subject property (*see Matter of Rosevele Frocks, Inc. v Sommers*, 191 Misc 614 [App Term, 1st Dept 1948]; *see also* 75 NY Jur 2d, Limitations and Laches § 33). Accordingly, the Supreme Court should have denied the defendants' motion to dismiss the complaint. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.