Matter of Sklar v Gestetner (2021 NY Slip Op 00179)





Matter of Sklar v Gestetner


2021 NY Slip Op 00179


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-10867
 (Index No. 31357/17)

[*1]In the Matter of Steven Sklar, et al., appellants,
v
Alan Gestetner, etc., et al., respondents-respondents, et al., respondents.


Daniel E. Bertolino, Upper Nyack, NY, for appellants.
Schloss & Schloss, PLLC, Airmont, NY (Jonathan B. Schloss of counsel), for respondents-respondents Alan Gestetner and Malka Gestetner.
Montalbano, Condon & Frank, P.C., New City, NY (Richard H. Sarajian of counsel), for respondents Route 45, LLC, and Max Kahan.



DECISION & ORDER
In a proceeding pursuant to CPLR 5206(e), inter alia, to compel the sale of Alan Gestetner's interest in a homestead to satisfy two money judgments, the petitioners appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 14, 2018. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In 2012, the petitioners obtained two default judgments against the respondent Alan Gestetner (hereinafter Alan), in the sum of $742,171 and $446,875, respectively. In 2017, the petitioners commenced this proceeding pursuant to CPLR 5206(e) to compel the sale of the marital home of Alan and his wife, the respondent Malka Gestetner (hereinafter Malka and, together with Alan, the Gestetners), located in Rockland County, in order to partially satisfy their unsatisfied money judgments. The Gestetners jointly own the home as tenants by the entirety, and Malka is not indebted to the petitioners.
By order dated January 18, 2018, the Supreme Court directed an evidentiary hearing, inter alia, to determine both the value of the marital home as well as the value of Alan's interest in the marital home. At the hearing, the parties stipulated that the full market value of the home was approximately $830,000. However, the petitioners failed to submit any evidence regarding the value of Alan's interest in the home. At the close of the petitioner's case, the respondents made an oral application, in effect, to deny the petition and dismiss the proceeding for failure to establish the value of Alan's interest in the marital home. The court granted the application and, by order dated September 14, 2018, in effect, denied the petition and dismissed the proceeding. The petitioners appeal.
CPLR 5206(a) provides a homestead exemption whereby Rockland County property not exceeding $150,000 "owned and occupied as a principal residence is exempt from application [*2]to the satisfaction of a money judgment." CPLR 5206(e) provides that a judgment creditor may commence a special proceeding against a judgment debtor to direct the sale, by sheriff or receiver, of a homestead exceeding $150,000 in value above liens and encumbrances in the county where the property is located. If the court directs such a sale, the court must "marshal the proceeds of the sale [such] that the right and interest of each person in the proceeds shall correspond as nearly as may be to his right and interest in the property sold" (CPLR 5206[e]).
Tenancy by the entirety is a form of real property ownership which confers on the surviving spouse a right to absolute ownership of the property upon the other spouse's death (see V.R.W., Inc. v Klein, 68 NY2d 560, 563-564; Scarison, Inc. v Paracha, 7 AD3d 605, 606). The Court of Appeals has noted "the absolute bar to involuntary partition" of a property owned in tenancy by the entirety, including the forcing of partition by a third party mortgagor or creditor (V.R.W., Inc. v Klein, 68 NY2d at 565 n). Therefore, the petitioners could, at most, request the Supreme Court to order the sale of Alan's interest in the marital home (see Matter of AMEV Capital Corp. v Kirk, 180 AD2d 791, 792), and, had such relief been granted, the purchaser would have acquired only a tenancy in common subject to Malka's survivorship rights (see Deutsche Bank National Trust Co. v Feliciano, 105 AD3d 889, 889-890). As the petitioners failed to present any evidence establishing the value of Alan's interest in the marital home, we agree with the Supreme Court's determination granting the respondents' oral application, in effect, to deny the petition and dismiss the proceeding on that ground.
The remaining contention of the respondents Route 45, LLC, and Max Kahan is not properly before us.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court