Halo v Schmidt (2021 NY Slip Op 06609)





Halo v Schmidt


2021 NY Slip Op 06609


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-08265
 (Index No. 1585/2018)

[*1]Z C Halo, respondent 
v
William Schmidt, appellant.


Daniel E. Bertolino, P.C., Upper Nyack, NY (Laura A. Dorsainvil of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, in effect, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the defendant appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), entered May 24, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff and the defendant own adjacent parcels of real property in New City. In 2018, the plaintiff allegedly learned that his driveway encroached on the defendant's property and commenced the instant action, inter alia, in effect, for a judgment declaring that he owns the contested portion of the driveway by adverse possession. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order entered May 24, 2019, the Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
"The sole consideration in determining a pre-answer motion to dismiss a declaratory judgment action is 'whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858, quoting Minovici v Belkin BV, 109 AD3d 520, 524). Further, "where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Matter of Chet's Garage, Inc. v Village of Goshen, 161 AD3d 727, 731).
Here, the complaint alleged that the plaintiff's predecessor adversely possessed the subject property for more than 10 years prior to the commencement of this action, potentially implicating both the prior and current versions of RPAPL 522(1) (see Houdeck Real Estate Co., LLC v Bayport Postal Realty, LLC, 180 AD3d 761, 762; Hodges v Beattie, 68 AD3d 1597, 1598-1599). Accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83, 87), even under the current version of the RPAPL, we cannot say as a matter of law that the plaintiff does not have a cause of action for adverse possession (see Maya's Black Cr., LLC v Angelo Balbo Realty Corp., 82 AD3d 1175, 1177). The evidentiary materials submitted by the defendant in support of his motion do not, as a matter of [*2]law, resolve the parties' factual disputes such that it can be said that the allegations in the complaint as to the cause of action for adverse possession are not facts at all (see Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1228).
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court