Matter of Ofek Rachel LTD. v Suky (2022 NY Slip Op 05759)

Matter of Ofek Rachel LTD. v Suky

2022 NY Slip Op 05759

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Webber, J.P., Oing, González, Kennedy, JJ. 

Index No. 152175/21 Appeal No. 16400-16401-16401A Case No. 2021-03730, 2021-03746, 2022-01531 

[*1]In the Matter of Ofek Rachel LTD., et al., Petitioners-Respondents,
v
Ben Zion Suky Also Known as Suki Ben Zion, Respondent-Judgment Debtor-Appellant, Meital Suky, Respondent-Appellant.

Schloss & Schloss, PLLC, Nanuet (Jonathan B. Schloss of counsel), for Ben Zion Suky, appellant.
Sarajian & Baum, PLLC, New City (Richard H. Sarajian of counsel), for Meital Suky, appellant.
Smith Gambrell Russell, LLP, New York (Daniel Goldstein of counsel), for respondents.

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 27, 2021, granting the petition to sell respondent debtor's interest in a condominium unit in partial satisfaction of an unpaid judgment, unanimously affirmed, with costs. Appeals from order, same court and Justice, also entered August 27, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeals from order, same court (Lisa Headley, J.), entered on or about March 14, 2022, which denied respondents' motions to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Petitioners demonstrated that they have a valid money judgment against the debtor in the amount of nearly $5.5 million, and that debtor has an ownership interest in the condominium of more than the $150,000 homestead exemption (CPLR 5206; see also Matter of Sklar v Gestetner, 190 AD3d 750 [2d Dept 2021]). The evidence shows that the condominium was purchased for $2.6 million in 2006 and has a mortgage of only $900,000. Petitioners also submitted a sworn affidavit of a real estate broker specializing in residential apartments and condominium units on the Upper East Side of Manhattan, who estimated that the fair market value of the condominium is at least $3.29 million. The judgment appealed from contained a safeguard, providing that the sale would not go forward if it did not exceed the $150,000 homestead exemption amount. Respondents do not point to relevant authority in support of their assertion that they were entitled to additional legal protections.
Respondents' motions to renew and reargue were not based on new facts that were not known to them at the time of the original petition and thus, the appeals are deemed to be from a motion to reargue, the denial of which is not appealable (see e.g. Entech Eng'g, P.C. v Leon D. DeMatteis Constr. Corp., 176 AD3d 500, 501 [1st Dept 2019]).
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022