Ciaccio v Wright-Ciaccio (2022 NY Slip Op 07215)

Ciaccio v Wright-Ciaccio

2022 NY Slip Op 07215

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-07573
 (Index No. 601310/21)

[*1]Robert C. Ciaccio, et al., appellants, 
v
Suzan Wright-Ciaccio, respondent.

Mark A. Bonilla, Bellmore, NY, for appellants.
Mitev Law Firm, P.C., Stony Brook, NY (Vesselin Mitev of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiffs have an ownership interest in certain real property and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (David J. Gugerty, J.), entered September 15, 2021. The order, in effect, deemed that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action to be for a declaratory judgment in favor of the defendant, and granted that branch of the defendant's motion.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have an ownership interest in the subject property.
The plaintiffs are the five adult children of Robert J. Ciaccio (hereinafter the decedent), who died intestate on November 27, 2020. On January 29, 2021, the plaintiffs commenced this action against the defendant, their stepmother and the decedent's surviving spouse, for a judgment declaring that the plaintiffs each share an equal ownership interest with the defendant in certain real property located in Bellmore (hereinafter the subject property) and for injunctive relief. The subject property had been the marital home of the defendant and the decedent for approximately 25 years and was held by them as tenants by the entirety at the time of the decedent's death. The complaint alleged, in sum, that the decedent had desired for the plaintiffs and the defendant to share his estate equally upon his death, including the subject property, and that the decedent may have prepared a will to this effect prior to his death, which the defendant destroyed. In lieu of filing an answer, the defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order entered September 15, 2021, the Supreme Court, in effect, deemed that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to be for a declaratory judgment in the defendant's favor, and granted that branch of the motion. The plaintiffs appeal.
"'In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 884, quoting JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 845; see Leon v [*2]Martinez, 84 NY2d 83, 88). "'The sole consideration in determining a pre-answer motion to dismiss a declaratory judgment action is whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (Halo v Schmidt, 199 AD3d 992, 992, quoting M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858 [internal quotation marks omitted]; see Indymac Venture, LLC v Nagessar, 121 AD3d 945, 946). "Thus, where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied" (Minovici v Belkin BV, 109 AD3d 520, 524 [internal quotation marks omitted]; see WMC Realty Corp. v City of Yonkers, 193 AD3d 1018). "However, upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers, 199 AD3d 815, 818 [internal quotation marks omitted]; see Minovici v Belkin BV, 109 AD3d at 524; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150; Staver Co. v Skrobisch, 144 AD2d 449, 450).
"A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common" (EPTL 6-2.2[b]). "Tenancy by the entirety is a form of real property ownership which confers on the surviving spouse a right to absolute ownership of the property upon the other spouse's death" (Matter of Sklar v Gestetner, 190 AD3d 750, 751; see V.R.W., Inc. v Klein, 68 NY2d 560, 564; Squiciarino v Squiciarino, 35 AD3d 844, 845-846). "Where spouses own property as tenants by the entirety, a conveyance by one spouse, to which the other has not consented, cannot bind the entire fee or impair the nonconsenting spouse's survivorship interest" (Carpenter v Crespo, 161 AD3d 934, 935; see Wagner v Wagner, 58 AD2d 7, 12, affd 44 NY2d 780; Azzara v Azzara, 1 AD2d 1012).
Here, in support of her motion, the defendant submitted, among other things, a deed for the subject property dated March 31, 2016, and recorded on July 5, 2016, conveying the subject property from the decedent alone to the decedent and the defendant, "his wife" (hereinafter the 2016 deed), thereby creating in them a tenancy by the entirety (see EPTL 6-2.2). The plaintiffs did not dispute the validity of the 2016 deed in either the complaint or in their opposition to the defendant's motion. To the extent that the plaintiffs argue on appeal that the decedent had intended for the 2016 deed to create a tenancy in common with the defendant and not a tenancy by the entirety, this argument is not properly before this Court. Thus, the defendant established that, upon the decedent's death, ownership of the entirety of the subject property automatically passed to her by operation of law, irrespective of whether the decedent had desired for the plaintiffs to have an ownership interest or had prepared a will to that effect (see V.R.W., Inc. v Klein, 68 NY2d at 564; Matter of Sklar v Gestetner, 190 AD3d 750; Carpenter v Crespo, 161 AD3d at 935). Accordingly, the Supreme Court properly determined that no issue of fact regarding ownership of the subject property was presented, and, in effect, treated that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action as one seeking a declaration in the defendant's favor, and properly granted that branch of the motion (see Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers, 199 AD3d 815).
Since this is, in part, a declaratory judgment action, the Supreme Court should have entered a judgment making the appropriate declaration in favor of the defendant (see Lanza v Wagner, 11 NY2d 317, 334; Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers, 199 AD3d 815). Accordingly, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have an ownership interest in the subject property.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court