Krawczyk v Incorporated Vil. of Lindenhurst (2023 NY Slip Op 02652)

Krawczyk v Incorporated Vil. of Lindenhurst

2023 NY Slip Op 02652

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01498
 (Index No. 621735/19)

[*1]Roman Krawczyk, et al., appellants, 
v
Incorporated Village of Lindenhurst, respondent, et al., defendants.

Harras Bloom & Archer, Melville, NY (Linda S. Agnew and Tara D. McDevitt of counsel), for appellants.
Gerard Glass & Associates, P.C., Babylon, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated January 25, 2021. The order granted that branch of the motion of the defendant Incorporated Village of Lindenhurst which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In or about May 2019, the defendant Incorporated Village of Lindenhurst acquired certain properties within its jurisdiction from the Housing Trust Fund Corporation through the New York Rising Housing Recovery Program, including a parcel of real property designated on the Suffolk County Land and Tax Map as District 103, Section 23, Block 2, Lot 71 (hereinafter Lot 71). Subsequently, the Village developed a plan known as the "Village of Lindenhurst Lot Next Door Program" (hereinafter the Program), the goal of which was to sell the properties to abutting or nearby property owners for passive recreational use. To that end, the Program set forth guidelines under which eligible purchasers may purchase those properties.
The plaintiffs, Roman Krawczyk and Monica Krawczyk, commenced this action for declaratory and mandamus relief, alleging that the Village violated the guidelines of the Program. The plaintiffs alleged that they qualified as eligible purchasers under the Program, the Village did not offer them the opportunity to purchase Lot 71, and the Village, instead, offered to sell it to other individuals. The Village moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. Subsequently, the plaintiffs and the Village engaged in settlement negotiations, where the Village initially offered to sell a portion of Lot 71 (hereinafter the strip) to the plaintiffs. However, the negotiations terminated unsuccessfully after the Village decided to withdraw the strip from the Program, as a site inspection of Lot 71 revealed that a portion of the strip had been developed as part of a redevelopment of the abutting Village street. Following the negotiations, the Village and the plaintiffs provided supplemental affidavits in support of and in opposition to the motion, respectively. In an order dated January 25, 2021, the Supreme Court granted that branch of the Village's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that there was no justiciable controversy. The plaintiffs appeal.
"[A]n action for a declaratory judgment must be supported by the existence of a justiciable controversy" (Matter of Hargraves v City of Rye Zoning Bd. of Appeals, 162 AD3d 1022, [*2]1024; see CPLR 3001). A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration (see Halo v Schmidt, 199 AD3d 992, 922; M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858). "Further, where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Halo v Schmidt, 199 AD3d at 992-993 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, contrary to the plaintiffs' contention, the Village demonstrated that the complaint does not present a justiciable controversy sufficient to invoke the Supreme Court's power to render a declaratory judgment and grant mandamus relief. As a result of the Village's decision to withdraw the strip from the Program, which the plaintiffs do not claim was unauthorized, the plaintiffs no longer can claim any rights they might have had to it as "eligible purchasers" under the Program. Accordingly, the Supreme Court properly granted that branch of the Village's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it (cf. M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d at 859).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., IANNACCI, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court