Greater Hudson Val. Council, Boy Scouts of Am. v North Rockland Cent. Sch. Dist. (2024 NY Slip Op 06030)

Greater Hudson Val. Council, Boy Scouts of Am. v North Rockland Cent. Sch. Dist.

2024 NY Slip Op 06030

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-07773
 (Index No. 31600/21)

[*1]Greater Hudson Valley Council, Boy Scouts of America, etc., appellant, 
v
North Rockland Central School District, etc., respondent.

Condon Paxos PLLC, Nanuet, NY (Brian K. Condon of counsel), for appellant.
Thomas, Drohan, Waxman, Pettigrow & Mayle, LLP, Hopewell Junction, NY (Steven L. Banks of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant's proposed use of the subject property violates a condition in a deed requiring that the subject property be used for school purposes, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated September 14, 2021. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought a declaratory judgment, and adding a provision thereto deeming that branch of the motion to be for a declaratory judgment in the defendant's favor, and thereupon granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, making the appropriate declaration.
In January 1957, the Rockland County Council Inc., Boy Scouts of America (hereinafter the Boy Scouts) sold a parcel of real property located in the Town of Stony Point to the Board of Education of Union Free School District No. 5 of the Town of Stony Point, Rockland County, New York (hereinafter the Board of Education). The deed contained a provision, which stated, in pertinent part, that in the event the subject property was at any time no longer to be used for school purposes, the grantor would have the option of repurchasing a certain portion of the property for the price of $1,000 per acre. In 2020, the North Rockland Central School District (hereinafter the School District), the alleged successor in interest to the Board of Education, began collecting proposals for the installation of a solar panel array on a portion of the property.
In 2021, the plaintiff, as successor in interest to the Boy Scouts, commenced this action, inter alia, for a judgment declaring that the plan to install the solar panels violated the deed because it was inconsistent with the provision mandating that the property be used for school purposes, and requiring the School District to sell the property to the plaintiff for the price of $1,000 per acre. The complaint also sought monetary damages based on the same alleged violation of the deed. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated [*2]September 14, 2021, the Supreme Court, among other things, granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1040-1041; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see Ciaccio v Wright-Ciaccio, 211 AD3d 900, 902; Isnady v Walden Preserv., L.P., 208 AD3d 564, 566-567; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150).
Here, the Supreme Court properly determined that the School District was entitled to a judgment declaring that the School District's proposed use of the property does not violate the deed, and properly granted that branch of the School District's motion which was to dismiss so much of the complaint as sought monetary damages. The School District, which is authorized to provide, among other things, "fuel . . . and other necessaries for the use of said schools" (Education Law § 1709[14]), demonstrated that it planned to install solar panels in accordance with the "K-Solar" program to generate energy for school purposes (see 8 NYCRR 155.20). Accordingly, the court properly determined that no issue of fact regarding the use of the property for school purposes was presented (see generally Ciaccio v Wright-Ciaccio, 211 AD3d at 903).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the School District's proposed use of the property does not violate a condition in the deed requiring that the property be used for school purposes (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court