Matter of Halpern v White (2026 NY Slip Op 01360)

Matter of Halpern v White

2026 NY Slip Op 01360

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-04037
 (Index No. 616549/23)

[*1]In the Matter of John Halpern, appellant,
vMatthew White, respondent.

Borg Law LLP, New York, NY (Jonathan M. Borg of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Michael S. Amato and Briana A. Enck-Smith of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR 5206(e) to compel the sale of a homestead to satisfy a money judgment, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated January 19, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law and the facts, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
In 2015, the petitioner obtained a money judgment against the respondent in the principal sum of $530,000. In 2023, the petitioner commenced this proceeding pursuant to CPLR 5206(e) to compel the sale of the principal residence (hereinafter the premises) of the respondent and his wife, nonparty Tara Famiglietti, located in Suffolk County, in order to satisfy the unsatisfied money judgment. The respondent and Famiglietti jointly own the premises as tenants by the entirety, and Famiglietti is not indebted to the petitioner.
In a judgment dated January 19, 2024, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
CPLR 5206(a) provides a homestead exemption whereby property not exceeding a certain sum "in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment." CPLR 5206(e) provides that a judgment creditor may commence a special proceeding against a judgment debtor to direct the sale, by sheriff or receiver, of a homestead, the value of which, exceeds the exemption above liens and encumbrances. Should the court direct such a sale, it "shall so marshal the proceeds of the sale [such] that the right and interest of each person in the proceeds shall correspond as nearly as may be to his [or her] right and interest in the property sold" (id.).
"Where property is held in a tenancy by the entirety—in which [spouses] own real property as if they were one person—and one spouse dies, the surviving spouse takes the entire estate, not because of any right of survivorship, but because that spouse remains seized of the whole" [*2](Lacroix v Limogene, 132 AD3d 817, 818 [internal quotation marks omitted]; see Matter of Sklar v Gestetner, 190 AD3d 750, 751). There is an "absolute bar to involuntary partition" of a property owned in tenancy by the entirety (V.R.W., Inc. v Klein, 68 NY2d 560, 565 n). However, where only one spouse is a judgment debtor, a creditor may compel the sale of just that spouse's interest in property owned in tenancy by the entirety (see id. at 565; Matter of Sklar v Gestetner, 190 AD3d at 751). In such a case, the purchaser of the debtor's interest acquires a tenancy in common subject to the nondebtor spouse's survivorship rights (see Matter of Sklar v Gestetner, 190 AD3d at 751-752; Deutsche Bank National Trust Co. v Feliciano, 105 AD3d 889, 889-890). As such, the petitioner was required to establish, not only the value of the premises, but the value of the respondent's interest in the premises (see Matter of Sklar v Gestetner, 190 AD3d at 752).
Here, there are triable issues of fact that have been raised with regard to, inter alia, the value of the premises, the value of the respondent's interest in the premises, the amount of debt outstanding on a mortgage against the premises, as well as whether the respondent's equity in the premises exceeds the homestead exemption (see Matter of Reda v Voges, 192 AD2d 611, 612). Accordingly, the matter must be remitted for a hearing in accordance herewith, and for a new determination of the petition to compel the sale of the premises thereafter.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court